IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TINA DORSEY | * | |
|     Petitioner | | |
|     v. | * | CIVIL ACTION NO. WDQ-05-3189 |
| WARDEN | * | |
|     Respondent. | | |
| | *** | |

**<u>MEMORANDUM</u>**

On November 16, 2005, this Court received for filing a letter from Tina Dorsey, who is a U.S. Bureau of Prisons ("BOP") inmate currently housed at the Alderson Federal Prison Camp ("FPC") in Alderson, West Virginia. Dorsey asserts that she has less than 14 months remaining on her sentence and seeks a sentence credit of 6 months for ICC Boot Camp and a separate sentence reduction of six months. Paper No. 1. In support of her request for a sentence reduction and release, she points to her family situation as well as her attempt to rehabilitate herself while in the BOP. *Id*.

Dorsey's filing was construed as a 28 U.S.C. § 2241 petition for habeas corpus relief.[1] Before commenting on the jurisdictional merits of this case, a brief history of Petitioner's criminal proceedings is in order.

Petitioner pleaded guilty of one count of conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. *See United States v. Dorsey*, Criminal No. WDQ-01-0253 (D. Md). On June 20, 2002, she was sentenced to a 60-month term, supervised release for a term of 4 years, and a special assessment of $100.00. She was permitted to self-

---

[1] The law is well established that § 2241 petitions are intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d 1192 (4th Cir. 1997).

surrender no later than January 27, 2003.  On December 27, 2004, Petitioner filed a Motion for Reconsideration of Sentence, which was subsequently denied by the Court.

To the extent that Petitioner seeks to challenge the execution of her sentence pursuant to 28 U.S.C. § 2241, this Court lacks jurisdiction over the matter.  Personal jurisdiction over a § 2241 habeas corpus petition lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973).  Petitioner is confined at the FPC in Alderson, West Virginia and her custodian, or the person who has the day-to-day responsibility for her custody, would be the warden/superintendent at that facility. Therefore, assuming that Petitioner may seek § 2241 relief, this Court lacks personal jurisdiction over this matter.

Finally, insofar as Petitioner seeks a reduction of sentence, her request shall be denied.  18 U.S.C. § 3582(c)(2) allows a court to modify a sentence in limited circumstances: 1) on motion of the Director of the Bureau of Prisons if "extraordinary and compelling reasons"  exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the United States Sentencing Commission. Petitioner's case  does not fall into any of the aforementioned limited circumstances.  Her family situation and her alleged post-judgment rehabilitation, while laudable, fail to satisfy the "extraordinary and compelling" standard set forth at 18 U.S.C. §3582(c)(2) and do not provide a basis for sentence reduction.[2]

A separate Order follows.

Date: December 19, 2005              _____/s/_____
                                     William D. Quarles, Jr.
                                     United States District Judge

---

[2] Indeed, post-sentencing rehabilitative efforts, even if exceptional, are not an appropriate basis for a downward departure at re-sentencing.  *See* U.S.S.G. §5K2.19.